IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Duncan J. McNeil, III, #293752, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:05-1796-HMH-GCK |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America; United | ) | |
| States Officers and Agents; Clerk of the | ) | |
| United States District Court, for the | ) | **OPINION & ORDER** |
| District of South Carolina; United States | ) | |
| Attorney, for the District of South Carolina; | ) | |
| Office of the United States Trustee, for the | ) | |
| District of South Carolina; United States | ) | |
| Marshal Service, for the District of South | ) | |
| Carolina; Federal Bureau of Investigation, | ) | |
| for the District of South Carolina; Internal | ) | |
| Revenue Service, for the District of South | ) | |
| Carolina; Secret Service, for the District of | ) | |
| South Carolina; and Secret Service and | ) | |
| Their Officers, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2005) and Local Rule 73.02 DSC.[2] Duncan J. McNeil ("McNeil"), an inmate at the

---

[1]These defendants will hereinafter be referred to as "Original Defendants."

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Spokane County Jail in Spokane, Washington, alleges various violations to his civil rights. In his Report and Recommendation issued July 5, 2005, Magistrate Judge Kosko recommended dismissing the complaint without prejudice and without issuance and service of process. The Magistrate Judge also recommended deeming the action a "strike" for purposes of the three strikes rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) (West Supp. 2005). For the reasons stated below, the court adopts the Report and Recommendation in part and rejects the Report and Recommendation in part, dismissing McNeil's action without prejudice and without issuance and service of process, but declining to deem the action a strike.

## I. Factual and Procedural Background

McNeil filed his complaint on June 28, 2005, alleging numerous violations to his civil rights. In his complaint, McNeil requested a declaratory judgment, equitable relief, costs, attorney's fees, and actual and punitive damages. (Compl. 15-16.) Magistrate Judge Kosko found that McNeil cannot pursue his action because the Original Defendants are protected by the doctrine of sovereign immunity. (Report and Recommendation 6-10.)

After Magistrate Judge Kosko issued his Report and Recommendation, McNeil filed numerous documents with the court. On July 18, 2005, McNeil filed a document, which the court construes as his objections to the Report and Recommendation, in which McNeil raised frivolous arguments that the Report and Recommendation was issued "in a clear absence of jurisdiction," that it granted relief in "excess of that plead or preserved by the adverse parties," that it violated McNeil's due process rights because he did not have an opportunity to respond, and that the Report and Recommendation was "in violation of 11 U.S.C. § 362,

2

11 U.S.C. § 524 or 11 U.S.C. § 1141."[3]  (Objections 3.)  McNeil further claimed that he needed additional time and that he was attempting "to collaterally attack [his] sentence."  (Id. 5.)  The court granted McNeil an additional ten (10) days to respond on August 19, 2005.

On July 21, 2005, McNeil filed a document in which he raised eight motions, including motions for a temporary restraining order and appointment of a master, and in which he reasserted his claims and attached additional supporting documents.  On July 28, 2005, McNeil filed his first amended verified complaint asserting essentially the same claims against the Original Defendants, but also adding the Clerk of the United States Bankruptcy Court for the District of South Carolina and "All judgment debtors under the 'foreign judgments,' residing or doing business in this District Fictitiously named as Doe 1 to Doe 500" (collectively "Added Defendants") as defendants.  (First Am. Compl. 1.)  In the amended complaint, McNeil asserted that

> the defendants and judgment creditors have unlawfully seized the plaintiff's office, residence business records, legal records and financial records, in violation of the plaintiff's 1st, 4th, 5th, 6th & 14th amend. rights and as a result thereof the non-federal agency judgment debtors, subject to the foreign judgments residing in this judicial district, are fictitiously named in this action as Doe 1 to Doe 500.  Upon the recovery of the plaintiff's records and upon this court's entry of judgments in this district, granting full faith and credit to the "foreign judgments" the plaintiff will seek to amend this action, or will initiate further proceedings on the judgments of this court, naming specific judgment debtors and specific property, located within this district, subject to attachment, execution or enforcement of the "foreign judgments."

---

[3]McNeil's allegations deserve little response.  The matter was properly before the Magistrate Judge under 28 U.S.C. § 636.  The Original Defendants have not yet been served in this action, and McNeil was given more than sufficient opportunity to file objections to the Report and Recommendation.  Finally, the bankruptcy provisions of Title 11 have no impact on either the Report and Recommendation or this court's order.

3

(Id. 4-5.)  Further, McNeil asserted that he "has not been lawfully sentenced on a valid criminal conviction," and, "as a 'civil detainee' the plaintiff is not a 'prisoner' as defined by 28 U.S.C. § 1915, and is therefore not subject to the 'three strikes' provisions of 28 U.S.C. § 1915(g)."  (Id. 2-3.)

McNeil filed a second motion requesting more time to file objections on August 29, 2005.  In the motion, McNeil asserted that he was (1) being unlawfully detained, (2) facing imminent danger of serious physical injury, and (3) being denied access to the law library, copier, and other research materials necessary to respond.  The court granted McNeil an additional ten (10) days to file objections to the Report and Recommendation.

On September 1, 2005, McNeil filed a motion to amend or correct his complaint, attaching his proposed second amended verified complaint to his motion.  In the second amended verified complaint, McNeil added the Social Security Administration to the Added Defendants and Original Defendants, reasserting essentially the same claims he asserted in his first two complaints and adding claims concerning his confinement, including claims of inadequate access to exercise, the telephone, and means of personal hygiene, and claims concerning his records.  (Second Am. Compl. 5-6.)  In the second amended complaint, McNeil again objected to the Magistrate Judge's recommendation that his action be considered a strike under the PLRA.  McNeil again requested equitable and legal relief, but did not seek a declaratory judgment as in his original and first amended complaints.

Finally, on September 7, 2005, McNeil filed a motion for "findings that plaintiff is (1) under 'imminent danger' of serious physical injury; (2) not a prisoner; (3) not restricted by the 'three strikes' provision of 28 U.S.C. 1915(g); (4) indigent and disabled and is entitled to

reasonable accommodations; and (5) for relief from 'strike' orders, of USDC-ED-WA."
(Mot. of Sept. 7, 2005, 1.) McNeil attached copies of his numerous requests to the Spokane County Jail for medical assistance to support his claims that he has not received adequate assistance to address his medical needs.

## II. DISCUSSION OF THE LAW

The court has carefully reviewed McNeil's numerous filings for specific objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that almost all of McNeil's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, McNeil made one specific objection.

In his second amended complaint, McNeil specifically objected to the Magistrate Judge's determination that his action should be construed as a "strike" under the three strikes rule of the PLRA. McNeil claims that he is a civil detainee, and, as such, the three strikes rule of the PLRA does not apply to him, citing Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The court assumes that McNeil is, in fact, a civil detainee and not either a pre-trial detainee or incarcerated pursuant to a criminal sentence. The court in Troville found that

a civil detainee is not a "prisoner" for purposes of the PLRA, and the court finds the Troville court's analysis persuasive. Id.  Therefore, McNeil's action cannot be construed as a strike under the PLRA for the reasons set forth in Troville.  See id.

McNeil failed to specifically object to the Magistrate Judge's determination that the Original Defendants were protected from suit by sovereign immunity.  Accordingly, McNeil's action is subject to dismissal pursuant to the reasoning in the Magistrate Judge's Report and Recommendation.  However, McNeil reasserted his claims and added claims via his first amended complaint and his proposed second amended complaint.  Regardless, McNeil can proceed under neither the first amended complaint nor the proposed second amended complaint, as explained below.

McNeil's first amended complaint essentially raises the same allegations as the first complaint against the Original Defendants, and the reasoning set forth in the Report and Recommendation applies to the Clerk of the Bankruptcy Court.  As such, the first amended complaint fails against those defendants for the reasons set forth in the Report and Recommendation.  Moreover, McNeil has failed to state a claim upon which relief can be granted against the Added Defendants.  See Fed. R. Civ. P. 12(b)(6).  Therefore, McNeil cannot proceed against either the Original Defendants or the Added Defendants on the first amended complaint.

As to McNeil's motion to amend his complaint and proposed second amended complaint, the court liberally grants parties leave to amend their complaints under Federal Rule of Civil Procedure 15(a), but a court need not permit a party to amend its complaint when such an amendment would be futile.  See Francis v. Dietrick, 682 F.2d 485, 486 (4th

6

Cir. 1982) ("[T]he Federal Rules favor[] liberal amendments to pleadings . . . ."); In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend [a complaint] need not be given when amendment would be futile.").

Permitting McNeil to proceed under his proposed second amended complaint would be futile. McNeil's second amended complaint fails for the same reasons as the first amended complaint.[4] Additionally, McNeil raises numerous claims concerning deliberate indifference to his medical needs and the conditions of his confinement. As McNeil is imprisoned in Washington State, neither the Added Defendants, who are judgment debtors and the Clerk of the United States Bankruptcy Court for the District of South Carolina, nor the Social Security Administration, nor the Original Defendants, which include the United States and its officers and agencies, are proper defendants to such claims. McNeil has not alleged how any of them are responsible for the conditions of his confinement or the medical care he receives. Accordingly, McNeil has failed to allege sufficient facts to permit him to proceed on his claims against the defendants listed in the second amended complaint, and his motion to amend his complaint is denied. See Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 253 (4th Cir. 2005) ("[It is a] basic requirement that a plaintiff plead adequate facts to put the defendant on notice of the claims it is facing.").

---

[4] McNeil's proposed addition of the Social Security Administration as a defendant fails for the same reasons as the claims against other federal agencies as set forth in the Report and Recommendation. Moreover, the court notes that McNeil raised no specific allegations in the second amended complaint against the Added Defendants other than claiming to be the transferee of some of the Added Defendants' assets.

7

Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation in part and rejects the Report and Recommendation in part. The court finds that McNeil may not bring suit against the Original Defendants on the basis of sovereign immunity, and McNeil may not proceed on either his first amended complaint or his proposed second amended complaint. However, the court declines to consider this action a "strike" for the purposes of the PLRA.

It is therefore

**ORDERED** that McNeil's complaint is dismissed without prejudice and without issuance and service of process. It is further

**ORDERED** that McNeil's motion to amend his complaint, Document number 13, is denied. It is further

**ORDERED** that the other motions that McNeil has raised throughout his filings are dismissed as moot.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 29, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.